Case 9:22-cv-00086-MJT   Document 2   Filed 06/02/22   Page 1 of 13 PageID #: 36

CV22-14065

Filed 4/26/2022 8:38 AM
Lisa Pitre
District Clerk
Sabine County, Texas
By Angie McCary

CAUSE NO. _____

| | | |
|---|---|---|
| TOMMY RASH<br>*Plaintiff* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |
| CHUBB LLOYD'S INSURANCE<br>COMPANY OF TEXAS<br><br>*Defendant* | §<br>§<br>§<br>§ | SABINE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF, TOMMY RASH (the "Plaintiff" or "Rash") complaining of and against CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS ("CHUBB") and hereby respectfully shows unto the Court and Jury as follows:

I.

### DISCOVERY CONTROL PLAN & REQUEST FOR EXPEDITED ACTION UNDER TRPC 169

1. Plaintiff intends for discovery to be conducted under Level 1 of Texas Rule Civil Procedure 190.2. In the event that the parties require a more tailored form of discovery, the parties will submit a tailored discovery control plan to the Court, but otherwise ask that all deadlines imposed by Tex. R. Civ. P. 190.2 be followed in this matter. **Accordingly, the parties ask that this Court impose the deadlines under Tex. R. Civ. P. 169 when issuing the docket control order.**

II.
PARTIES

2. Plaintiff, TOMMY RASH is an individual, resident of Orange County, Texas, and citizen of the state of Texas.

3. Defendant, CHUBB is a for-profit domestic insurance company doing business in the state of Texas. CHUBB may be served with process by serving its registered agent for service: C T Corporation System, 1999 Bryan ST STE 900, Dallas, Texas 75201-4284.

### III.
### JURISDICTION AND VENUE

4. This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

5. Venue is mandatory and proper in Sabine County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* TEX. CIV. PRAC. & REM. CODE § 15.002).

6. CHUBB engages in the business of insurance in the State of Texas. The conduct of CHUBB in the State of Texas includes:

   (a) The making and issuing of contracts of insurance with the Plaintiff;

   (b) The taking and receiving the application of insurance for insurance from the Plaintiff;

   (c) The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

   (d) The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

7. Pursuant to Tex. R. Civ. P. 47, Plaintiff pleads that the amount in controversy is under $250,000, <u>excluding</u> interest, statutory or punitive damages and penalties, and attorney's fees and costs. *See* Tex. R. Civ. P. 47(c)(1).

## IV.
## CONDITIONS PRECEDENT

9. All conditions precedent to recovery have been performed, waived, or have occurred.

## V.
## JUDICIAL NOTICE

10. Plaintiff requests this Court take judicial notice of Title 28 of the Texas Administrative Code, specifically 28 T.A.C. §21.201 et seq. relating to "Unfair Claims Settlement Practices Rules" including 28 T.A.C. §21.203 through §21.205. *See* Tex. R. Evid. 204(b)(2).

*11.* Plaintiff requests this Court take judicial notice of 28 T.A.C. §5.997(a), (d)-(e), which incorporates the Texas Department of Insurance's "Consumer Bill of Rights" for homeowners, dwelling, and renter's insurance. *See* Tex. R. Evid. 204(b)(2).

## VI.
## FACTS

A. The Policy.

12. CHUBB sold Plaintiff a homeowner's insurance policy, policy number 13509891-01 (hereinafter referred to as the "policy"). The policy in question contains coverage for damages sustained from Hurricane Laura on August 27, 2020. During the underwriting process, CHUBB determined that the risk was acceptable without any modifications, alterations, or changes to the property.

13. The insuring agreement required the plaintiff to make payments to CHUBB and in exchange the insurance company would indemnify the plaintiff in the event of a covered loss. Plaintiff faithfully paid the required premium, and the relevant policies are currently in full effect, providing property, personal property, loss of use, and other coverages.

14. Plaintiff reasonably expected that the policy he purchased from CHUBB included coverage for hurricane damage including coverage for the dwelling, other structures, personal property, debris removal, and loss of use of the property.

B. Hurricane Laura

15. Hurricane Laura reached Category 4 status with wind speeds of 150 MPH and gust of 185 MPH as landfall was made around 1:00 AM on August 27, 2020 near Cameron, Louisiana. Hurricane Laura maintained 140 MPH wind speed with gust of 185 MPH as it passed just east of Hackberry, Louisiana. Laura maintained Category 4 status until passing Dequincy, Louisiana. Hurricane Laura maintained Level 1 status until passing Jonesboro, LA.

16. The property in question is approximately 88 miles from the passage of the eye center. Hurricane force winds extended out from the eye sixty miles. The property in question sustained hurricane-forced winds, including gusts in excess of sustained winds, from the only Category 4 hurricane to make landfall in Louisiana.

17. On or about August 27, 2020, Plaintiff's property sustained damages from Hurricane Laura, including damage to the boat dock, guest house, guest house roof, gazebo, HVAC system, and interior.

C. The Insurance Claim

18. Plaintiff filed a claim with his insurance company, CHUBB, for the damages to his property caused by Hurricane Laura. Plaintiff asked that CHUBB cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

19. CHUBB assigned its investigative duties, claims handling, and coverage decisions to third-party claims adjuster, who inspected the property on or about September 15, 2020. The report from the third-party adjuster failed to identify all covered damages.

20. An independent assessment of the damage concluded that the damages to the property were in excess of the amount paid by the Defendant. In addition, Defendant made payments to the Insured late – both on the contractual deadlines and the Texas Insurance Code.

21. CHUBB failed to conduct a reasonable investigation and failed to properly adjust the claim, which resulted in an improper denial of part of Plaintiff's claim. Defendant's unreasonable investigation resulted in an improper denial of a valid claim and underpayment of proceeds due under the policy. As a result of Defendant's unreasonable investigation and handling of the claim, the damages to Plaintiff's property worsened. As a further cause of defendant's acts and omissions, Plaintiff sustained and continues to sustain damages as a result of defendant's conduct.

22. Undersigned counsel provided CHUBB with a DTPA notice letter on October 15, 2021, and to date their has been no response.

23. To date, CHUBB continues to deny coverage for a valid claim and continues to deny payment for proceeds due under the policy. As such, Plaintiff's claim remains unpaid, and Plaintiff has not been able to properly repair the Property.

24. CHUBB failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Specifically, it failed and refused to pay full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. CHUBB'S conduct constitutes a breach of the insurance contract between CHUBB and Plaintiff.

25. CHUBB failed to attempt to settle Plaintiff's claim in a fair and equitable manner, although CHUBB'S liability to pay Plaintiff was reasonably clear under the Policy. CHUBB'S conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

26. CHUBB refused to fully compensate Plaintiff under the terms of the Policy, even though CHUBB failed to conduct a reasonable investigation. Specifically, CHUBB performed an outcome-oriented investigation by ignoring evidence supporting coverage. CHUBB'S unreasonable investigation resulted in a biased, unfair, and inadequate evaluation of Plaintiff's losses and resulted in further damage to Plaintiff's property. CHUBB'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

27. CHUBB failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim, and timely making payments. CHUBB'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

## VIII.
## CAUSES OF ACTION

### COUNT 1: CHUBB breached its contract with Insured.

28. Plaintiff incorporates by reference the above paragraphs as if stated herein more fully.

29. To prevail on a valid breach of contract claim, a plaintiff must prove that 1) there was a valid contract; 2) that plaintiff has performed her obligations under the contract or tendered performance; 3) that the defendant has breached the contract in some manner; and 4) plaintiff has sustained damages as a result of defendant's breach. *See Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex.App.—San Antonio 2015, pet. denied).

30. At the time Hurricane Laura damaged Plaintiff's property, Plaintiff had in place a policy issued by CHUBB. Defendant does not dispute that a valid contract was in place.

31. Plaintiff's premiums were current, and all conditions precedent to recovery were made. Furthermore, Plaintiff fulfilled his obligations under the policy, and more specifically, executed his duties under the contract after the loss.

32. CHUBB wrongfully failed to comply with the terms of the contract, as it relates to their duties after loss, by failing to conduct a reasonable investigation and timely pay Plaintiff the full benefits owed after a covered loss. CHUBB is therefore in breach of the contract of insurance issued to Plaintiff.

33. CHUBB'S conduct constitutes a breach of contract resulting in damages to the Plaintiff.

COUNT 2: CHUBB violated the Deceptive Trade Practice Act.

34. Plaintiff incorporates by reference the above paragraphs as if stated more fully herein.

35. Plaintiff is a "consumer" as defined by TEX. BUS. & COMM. CODE § 17.45(4). Plaintiff sought or acquired goods or services by purchasing those goods or services from CHUBB. CHUBB violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") (TEX. BUS. & COM. CODE §17.44 et seq.) because they engaged in false, misleading and/or deceptive acts or practices that Plaintiff relied on to his detriment.

36. The acts and omissions of Defendants also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

    a. Committing false, misleading, or deceptive acts or practices as defined by §17.46(b); and

    b. Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

37. The acts and omissions of Defendants were a producing cause of the Plaintiff's damages.

38.   Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiff's claim and they acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

39.   Plaintiff gave Defendant notice as required by DTPA §17.50(a), and time to respond to such notice has expired.

### COUNT 3: CHUBB violated §541 et seq. Texas Insurance Code.

40.   Plaintiff reincorporates by reference the above paragraphs as if stated herein more fully.

41.   CHUBB violated the TEXAS INSURANCE CODE § 541 et seq. because they engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, its acts and omission include violation of:

(a)   Tex. Ins. Code §541.051;

(b)   Tex. Ins. Code §541.052;

(c)   Tex. Ins. Code §541.059;

(d)   engaging in unfair settlement practices by:

  (i)   misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue TEX. INS. CODE §541.060(a)(1);

  (ii)   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which liability has become reasonably clear TEX. INS. CODE §541.060(a)(2);

  (iii)   failing to promptly provide Plaintiff a reasonable explanation of the factual and legal basis in the policy for the denial of the claim TEX. INS. CODE §541.060(a)(3);

  (iv)   failing to affirm or deny coverage within a reasonable time or submit a reservation of rights letter TEX. INS. CODE §541.060(a)(4); and

    (v)    refusing to pay a claim without conducting a reasonable investigation of the claim TEX. INS. CODE §541.060(a)(7).

(e) misrepresenting Plaintiff's insurance policy by:

    (i)    making an untrue statement of material fact TEX. INS. CODE §541.061(1);

    (ii)    failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made TEX. INS. CODE §541.061(2); and

    (iii)    making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact TEX. INS. CODE §541.061(2); and

(f) §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

42. Defendant's conduct was committed knowingly because it had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiff's claim for damages under the TEXAS INSURANCE CODE.

43. Plaintiff gave Defendant notice as required by §541.154 of the TEXAS INSURANCE CODE. The time to respond to such notice has expired.

44. Defendant's conduct described above was a producing cause of Plaintiff's damages.

COUNT 4: CHUBB violated the Texas Prompt Payment of Claims Act

45. Plaintiff reincorporates by reference the above paragraphs as if stated herein more fully.

46. CHUBB violated the Texas Insurance Code §§ 542.051 et seq. and 542A.001 et seq. because it failed to do the following within the statutorily mandated time of receiving all necessary information:

(1) Failing to timely acknowledge the Plaintiff's claim;

(2) Failing to commence an investigation of Plaintiff's claim;

(3) Failing to request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines;

    (4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiff's claim;

    (5) Failing to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all information;

    (6) Failing to pay Plaintiff's claim or portions of the claim without delay; and

    (7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiff's claim.

47.    CHUBB violated the Texas Insurance Code section 542 by:

    (1) Knowingly misrepresented to the Plaintiff pertinent facts or policy provisions relating to coverage;

    (2) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

    (3) Not attempting in good faith to affect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

    (4) Compelling Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiff.

48.    Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058. As a result of the foregoing violations, Plaintiff requests damages under Texas Insurance Code section 542.060.

             COUNT 5: CHUBB breached its duty of good faith and fair dealing.

49.    Plaintiff reincorporates by reference the above paragraphs as if stated more fully herein.

50.    CHUBB owed Plaintiff a duty of good faith and fair dealing including the duty to pay covered claims when liability is reasonably clear. CHUBB breached this duty when it conducted an unreasonable investigation, denied Plaintiff's claim, and misrepresented material facts because Defendant knew or should have known that it was reasonably clear that Plaintiff's claim was covered. Defendant's breach of this duty was a proximate cause of Plaintiff's damages.

### COUNT 6: Misrepresentation

8. Plaintiff reincorporates by reference the above paragraphs as if stated more fully herein.

9. CHUBB made various representations to the Plaintiff regarding his claim, including material representations regarding the extent of damages sustained to Plaintiff's home, material representations regarding policy coverages, whether or not claims were covered, the value of claim, the application of policy exclusions, and the severity of the damage which were material and false. At the time CHUBB made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. Defendant made these representations with the intent that the Plaintiff act on them by not further pursuing claim or thinking there was no other money to recover. Plaintiff relied on the representations and this caused injury.

10. A breach of fiduciary duty is a form of constructive fraud. The acts and omissions of CHUBB constitute constructive fraud.

### IX.
### AMBIGUITY

51. The policy in place at the time of the date of loss, policy number 13509891-01 contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss.

### X.
### WAIVER AND ESTOPPEL

52. CHUBB has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XI.
## DAMAGES

53.     As a direct result of Defendant's conduct, Plaintiff has suffered economic damages all of which he is entitled to recover. Plaintiff is entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 10 percent a year as damages, together with reasonable attorney's fees. Plaintiff is also entitled to recover mental anguish damages because Defendant acted in bad faith and because Defendant's knowing conduct was the producing cause of Plaintiff's mental anguish.

54.     Pursuant to the DTPA and the TEXAS INSURANCE CODE, Plaintiff is also entitled to recover treble damages because Defendant's conduct was committed knowingly.

55.     Plaintiff is entitled to exemplary damages as a result of Defendant's breach of duties owed. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## XII.
## ATTORNEY'S FEES

56.     Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA § 17.50(d), and TEXAS INSURANCE Codes § 541.152 and §542.060, Plaintiff seeks recovery of his reasonable and necessary attorney's fees and court costs.

## XIII.
## PRAYER AND JURY DEMAND

57.     For these reasons, Plaintiff asks that he have judgment against Defendants for economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary

attorney fees, pre-judgment, and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiff may show himself entitled. Plaintiff requests a trial by jury.

                                        Respectfully Submitted,
                                        THE BRASHER LAW FIRM, PLLC

By: _____
     Clint Brasher
     Texas Bar No. 24009915
     clint@brasherattorney.com
     Nishi Kothari
     Texas Bar No. 24087862
     nishi@brasherattorney.com
     Joe Muckleroy
     Texas Bar No. 24065801
     joe@brasherattorney.com
     1122 Orleans St.
     Beaumont, Texas 77701
     (409) 832-3737 Telephone
     (409) 832-3838 Fax
     *Attorneys for the Plaintiff*